UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SAMPSON LEE SMITH,

        Plaintiff,                  Case No. 2:20-cv-24

v.                                     Honorable Janet T. Neff

UNKNOWN KOBEN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following URF

officials: Correctional Officer Unknown Koben, Residential Unit Manager Michael LaCrosse; and Prison Counselor Candace M. Newton.

Plaintiff alleges that, on January 2, 2020, he completed his sanctions on a December 8, 2019, Class-I misconduct, on which he was held in administrative segregation from December 12 to December 22, 2019. (ECF No. 1-1, PageID.22.) After release from segregation, Plaintiff was assigned to Marquette Unit, on the east side of URF. At 7:43 a.m., Defendant Koben called Plaintiff out of the TV room, stating that Plaintiff was on sanctions and needed to return to his cell. Plaintiff attempted to show Defendant Koben a copy of his ticket as proof that he was not on sanctions. Defendant Koben refused to look at the ticket, saying, "I don't care what that says, the computer says your [sic] on sanctions. . . . Go back to your room or go to the hole." (Compl., ECF No. 1, PageID.7.) Plaintiff threatened to file a grievance against Defendant Koben. That same day, Koben wrote a Class-II misconduct ticket against Plaintiff for "Interfering with Administrative Rules." (*Id*.; *see also* ECF No. 1-1, PageID.21.)

Plaintiff attempted to speak with Defendant Newton about the situation, but she refused to listen, saying, "I never go against my officers. . . . I'm not helping you, you will have to appeal the ticket or grieve it." (*Id.*) Plaintiff pleaded not guilty.

Defendant LaCrosse held a hearing on the misconduct charge on January 7, 2020. Plaintiff told LaCrosse that the ticket was filed against him in retaliation for Plaintiff filing an unspecified grievance against Defendant Koben. Defendant LaCrosse found that the computer entry in OMNI showed that Plaintiff was given loss-of-privileges (LOP) sanctions from December 22, 2019, through January 21, 2020, as a consequence of his conviction on a Class-I misconduct charge. As a result, Defendant LaCrosse imposed four days of toplock sanctions.

Plaintiff allegedly wrote several kites to unnamed administrative personnel, and he attempted to speak with Defendant Newton about the problem. He sought reconsideration of Defendant LaCrosse's misconduct finding. Defendant Newton reviewed the misconduct appeal and concluded that, on review, Plaintiff was correct in stating that he was not on LOP on January 2, 2020, when Defendant Smith issued the misconduct. She had the computer entry corrected.

Plaintiff complains that Defendants actions and delays in taking action are retaliatory for Plaintiff's exercise of his First Amendment rights and that the actions deprived him of his substantive due process rights. He seeks compensatory and punitive damages, together with declaratory and injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. **Retaliation**

Plaintiff complains that Defendants Koben, LaCrosse, and Newton retaliated or conspired to retaliate against him for exercising his right to engage in protected conduct. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's retaliation claim against Defendant Koben, however parsed, fails to state a claim. Plaintiff utterly fails to allege that he was engaged in any protected First Amendment conduct when Defendant Koben told him that he needed to return to his cell because he was on sanctions. To the extent that Plaintiff wanted to have Defendant Koben review his paper copy of his misconduct sanctions—and to believe the paper copy over the computer record—Plaintiff alleges nothing more than that Defendant Koben did not listen to him. Koben engaged in no adverse action by ignoring Plaintiff's attempts to convince him that the computer record was wrong. Moreover, according to his own allegations, Plaintiff did not threaten to grieve Defendant Koben until after Koben had expressed his intent to rely on the computer record and gave Plaintiff a direct order to either leave the TV room or be sent to segregation.

Further, Plaintiff's assumption that Defendant Koben's issuance of the misconduct charge thereafter was based on Plaintiff's threat to file a grievance is wholly conclusory and at odds with the circumstances preceding the filing of the grievance. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial")

5

(internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). In some circumstances, temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Plaintiff merely alleges the ultimate fact of retaliation and temporal proximity in this action. He alleges no facts from which to reasonably infer that Defendant Koben's actions were motivated by Plaintiff's threat to file a grievance. Indeed, according to Plaintiff's own allegations, Defendant Koben was acting on a perfectly legal motivation; he was responding to a computer record that showed Plaintiff was still under loss-of-privileges sanctions. Defendant Koben began to take action against Plaintiff prior to any threat to file a grievance. And the misconduct ticket Koben issued shortly thereafter was directly related to Plaintiff improperly being in the TV room when the computer showed that he was on loss-of-privileges status. In the context of the legitimate explanation shown by the facts, Plaintiff's allegations are "'merely consistent with' [Defendant's] liability, [but] 'stop[] short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). As a result, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct;" therefore, "the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff therefore fails to state a retaliation claim against Defendant Koben.

To the extent that Plaintiff alleges retaliation by Defendants LaCrosse and Newton, his claims fail on the third prong, because his allegations are even more conclusory than those against Defendant Koben. *See Harbin-Bey*, 420 F.3d at 580. His allegation that Defendants LaCrosse and Newton refused to listen to him when he verbally complained does not support an inference of retaliation. Defendant LaCrosse simply refused to investigate his oral complaints that the computer was wrong, and accepted as true what Defendant Koben recited in his misconduct charge and what the computer showed. Defendant LaCrosse found Plaintiff guilty of the misconduct because the computer continued to show that Plaintiff was on loss-of-privileges status. Defendant Newton expressly told Plaintiff that his remedy was to appeal his misconduct conviction. And once Defendant Newton received the misconduct appeal, she conducted an investigation, found that the computer was wrong, and overturned the misconduct charge. Absolutely nothing in the facts alleged supports Plaintiff's conclusory allegation that Defendants LaCrosse and Newton retaliated against him because he threatened to file a grievance against a different officer—Defendant Koben. As a consequence, Plaintiff fails to state a retaliation claim against Defendants LaCrosse and Newton.

For all these reasons, Plaintiff's retaliation claims against Defendants fail to state a claim.

IV. **Substantive Due Process**

Plaintiff alleges that Defendants deprived him of his right to substantive due process when they failed to properly and timely investigate and correct the computer error showing that he was on loss-of-privileges status. The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater*

*v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

"Conduct shocks the conscience if it 'violates the "decencies of civilized conduct."'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, at *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).

"Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

To the extent that Plaintiff claims that Defendants violated his substantive due process rights by retaliating against him, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's claims. Thus, the standard applicable to that source is the First Amendment right to be free from retaliation, and not the more generalized notion of substantive due process should be applied. *Graham*, 490 U.S. at 395; *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First Amendment standard is the sole source of substantive protection); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (A "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim.").

Moreover, to the extent that Plaintiff claims that Defendants acted arbitrarily in issuing the misconduct ticket, failing to investigate the computer error, and relying on the computer error in finding him guilty of the misconduct, his allegations fail to rise to the level of a substantive due process violation. While Defendants may have relied on a computer inaccuracy, they did not fabricate or plant evidence. *See Cale*, 861 F.2d at 950. Nothing about Defendants' alleged conduct either shocks the conscience or constitutes an egregious abuse of governmental power. *Id.*; *see also Davis*, 2016 WL 7403941, at *4; *Robinson*, 2007 WL 4454293. Plaintiff therefore fails to state a substantive due process claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court declines to certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: March 31, 2020 /s/ Janet T. Neff
Janet T. Neff
United States District Judge